

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

| | | |
|---|---|---|
| *Diana Vondra Carrig*<br>*Assistant U.S. Attorney* | *401 Market St., 4th Fl.*<br>*Camden, NJ 08101* | *856/757-5026* |

June 9, 2015

Rocco C. Cipparone, Jr., Esquire
203-205 Black Horse Pike
Haddon Heights, NJ 08035

           Re:  Plea Agreement with Robert S. Armstrong   *14-633 (NLH)*

Dear Mr. Cipparone:

        This letter sets forth the plea agreement between your client, Robert S. Armstrong, and the United States Attorney for the District of New Jersey ("this Office") and supersedes all previous offers in this case.

### Charge

        Conditioned on the understandings specified below, this Office will accept a guilty plea from Robert S. Armstrong, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to Count 1 of the Superseding Indictment, Criminal No. 14-633 (NLH), which charges the defendant with mail fraud, in violation of 18 U.S.C. § 1341.

        If Robert S. Armstrong enters a guilty plea and is **sentenced to a term of 44 months' imprisonment followed by three years' supervised release, of which 6 months must be served on home confinement with electronic monitoring**, on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Robert S. Armstrong for his participation in three separate schemes and artifices to commit mail fraud during the time period from in or about July 2014 through on or about March 12, 2015, by: (1) preparing, mailing and causing to be mailed approximately 73,077 false and fraudulent invoices in the name of Scholastic School Supply, LLC seeking payment in the amount of $647.50 for nonexistent math and/or English/language arts workbooks, and causing approximately 938 victim elementary schools to mail payments in response to such invoices; (2) preparing, mailing and causing to be mailed false and fraudulent invoices in the name of The Trend Publishing, LLC seeking payment in the amount of $495.00 for a 5" by 8" glossy advertisement in the nonexistent "College Edition (Fall 2014 Edition)," and causing approximately 78 victim colleges and trade schools, including colleges and trade schools, to mail payments in response to such invoices; and (3) preparing, mailing and causing to be mailed false and fraudulent invoices in the name of YP Direct seeking payment in the approximate amount of

1

$535.00 for advertising with the Yellow Pages, and causing approximately four victim businesses to mail payments in response to such invoices. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Robert S. Armstrong may be commenced against him, notwithstanding the expiration of the limitations period after Robert S. Armstrong signs the agreement. Robert S. Armstrong agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Robert S. Armstrong signs the agreement.

Should the Court reject the terms of this agreement and so advise the parties pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, neither party will be bound by this agreement – Robert S. Armstrong may withdraw his plea of guilty and the United States may pursue this charge and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Robert S. Armstrong, notwithstanding the expiration of the limitations period after Robert S. Armstrong signs the agreement.

### Sentencing

The violation of 18 U.S.C. § 1341 to which Robert S. Armstrong agrees to plead guilty carries a statutory maximum prison sentence of 20 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on Robert S. Armstrong, the sentencing judge: (1) will order Robert S. Armstrong to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Robert S. Armstrong to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Robert S. Armstrong, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982; and (5) pursuant to 18 U.S.C. § 3583, may require Robert S. Armstrong to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Robert S. Armstrong be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Robert S. Armstrong may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Robert S. Armstrong agrees to make full restitution for all losses resulting from the offense of conviction and from the Scholastic School Supply scheme, conspiracy, and pattern of criminal activity underlying that offense as well as his mail fraud

schemes involving The Trend Publishing and YP Direct. Robert S. Armstrong specifically agrees that for purposes of sentencing, uncharged mail fraud offenses for each of the three mail fraud schemes (Scholastic School Supply, The Trend Publishing and YP Direct) will be treated as relevant conduct pursuant to U.S.S.G. Section 1B1.3.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office and the defendant agree that a specific sentence of 44 months' imprisonment followed by three years' supervised release, of which 6 months must be served on home confinement with electronic monitoring, is both the appropriate disposition of this case and is reasonable in accordance with the statutory factors enumerated in 18 U.S.C. § 3553(a). Accordingly, if the Court accepts this plea agreement, Robert S. Armstrong will be sentenced to 44 months' imprisonment followed by three years' supervised release, of which 6 months must be served on home confinement with electronic monitoring.

## Forfeiture

Robert S. Armstrong agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, Robert S. Armstrong will forfeit to the United States the following specific property: (a) a 2014 Ford Mustang, VIN # 1ZVBP8AMOE5228060, held in the name of Amy Armstrong, which was seized on or about October 16, 2014; (b) the contents of bank account no. 9500129870 held at Beneficial Bank in the name of Scholastic School Supply LLC, seized on or about October 3, 2014, in the approximate amount of $21,347.00; (c) the contents of bank account no. 0036001907 held at Monroe Bank in the name of Scholastic School Supply LLC, seized on or about October 1, 2014, in the approximate amount of $46,537.14; (d) the contents of bank account no. 1072685 held at Newfield National Bank in the name of Scholastic School Supply LLC, seized on or about October 1, 2014, in the approximate amount of $27,842.50; (e) the contents of bank account no. 8060087298 held at PNC Bank in the name of Scholastic School Supply LLC, seized on or about October 10, 2014, in the approximate amount of $135,181.46; (f) the contents of bank account no. 4309407686 held at TD Bank in the name of Scholastic School Supply LLC, seized on or about October 1, 2014, in the approximate amount of $49,651.39; and (g) the contents of bank account no. 8258911 held at Fulton Bank of New Jersey in the name of Scholastic School Supply LLC, seized on or about October 16, 2014, in the approximate amount of $44,943.00 (the "Specific Assets") (collectively the "Forfeitable Property"). In addition, Robert S. Armstrong will consent to the entry of a forfeiture money judgment in the amount of $653,224.34 in United States currency (the "Forfeiture Money Judgment"). Defendant acknowledges that the $653,224.34 Forfeiture Money Judgment and the Forfeitable Property are subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §1341, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C), or a conspiracy to commit such offense, or as substitute assets for property subject to forfeiture, as described in 21 U.S.C. § 853(p).

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United

3

States Marshals Service. On or before the date he enters his plea of guilty pursuant to this agreement, Robert S. Armstrong shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date Robert S. Armstrong enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Robert S. Armstrong fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, Robert S. Armstrong consents to the forfeiture of any other property alleged to be subject to forfeiture in the Superseding Indictment, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

All right, title, and interest in the Specific Assets, and all proceeds traceable thereto, shall be transferred or delivered to the United States Marshals Service on or before the date the defendant enters his plea of guilty pursuant to this agreement.

Robert S. Armstrong agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Robert S. Armstrong understands that the forfeiture of the Forfeitable Property and Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Robert S. Armstrong hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Robert S. Armstrong represents that he has disclosed all of his assets to the United States on the Financial Disclosure Statement dated on the day that Robert S. Armstrong enters his guilty plea. Robert S. Armstrong agrees that if this Office determines that Robert S. Armstrong has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, Robert S. Armstrong consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Robert S. Armstrong knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. Robert S. Armstrong further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

### Rights Of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Robert S. Armstrong by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Robert S. Armstrong's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Robert S. Armstrong agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. These stipulations are offered as recommendations to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and bind the Court once, and if, the Court accepts the plea agreement. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Robert S. Armstrong from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Robert S. Armstrong waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will

5

be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Robert S. Armstrong. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Robert S. Armstrong.

No provision of this agreement shall preclude Robert S. Armstrong from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Robert S. Armstrong received constitutionally ineffective assistance of counsel.

### No Other Promises

This agreement constitutes the plea agreement between Robert S. Armstrong and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: DIANA VONDRA CARRIG
MEREDITH J. WILLIAMS
Assistant U.S. Attorneys

APPROVED:

R. STEPHEN STIGALL
Attorney-in-Charge, Camden

    I have received this letter from my attorney, Rocco C. Cipparone, Jr., Esquire. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, stipulations, waiver, restitution, forfeiture, immigration consequences and the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 6/12/15
ROBERT S. ARMSTRONG

    I have discussed with my client this letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, waiver, restitution, forfeiture, immigration consequences and the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_____  Date: 6/12/15
ROCCO C. CIPPARONE, JR., ESQUIRE

Plea Agreement with Robert S. Armstrong

Schedule A

1. This Office and Robert S. Armstrong recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Robert S. Armstrong nevertheless agree to the stipulations set forth herein and agree that the Court should sentence Robert S. Armstrong to a specific sentence of 44 months' imprisonment followed by three years' supervised release, of which 6 months must be served on home confinement with electronic monitoring (hereinafter the "Stipulated Sentence").

2. This Office and Robert S. Armstrong agree to stipulate to the following facts:

3. The total loss amount that Robert S. Armstrong caused to be obtained through false and fraudulent mail fraud invoices is approximately $653,224.34 (approximately $612,774.34 for Scholastic School Supply; approximately $38,310 for The Trend Publishing, and approximately $2,140 for YP Direct).

4. There were more than 250 victims of Armstrong's Scholastic School Supply mail fraud scheme.

5. In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the sentence of 44 months' imprisonment followed by three years' supervised release, of which 6 months must be served on home confinement with electronic monitoring, for the charge contained in the Superseding Indictment is reasonable under 18 U.S.C. § 3553(a), and neither party will argue for a sentence above or below 44 months' imprisonment followed by three years' supervised release, of which 6 months must be on home confinement. Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

6. Robert S. Armstrong knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the conviction or the sentence imposed by the sentencing court if the plea is accepted and the sentence is imposed in accordance with the terms of this agreement. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if the sentence is imposed in accordance with the terms of this agreement. Furthermore, if the sentencing court accepts the stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

       7.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.